IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03185-MEH

CONCEPCION RIOS,

    Plaintiff,

v.

LEPRINO FOODS COMPANY,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendant seeks summary judgment on Plaintiff Concepcion Rios' Second Claim for Relief alleging race discrimination. ECF 10. Because I find that Plaintiff did not exhaust her claim for race discrimination, I will grant the motion.

## BACKGROUND

**I.    Procedural History**

    Plaintiff filed her Complaint on November 8, 2019. ECF 1. She asserted three claims for relief arising from her termination from Defendant's employ: (1) Sex and Pregnancy Discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act of 1978; (2) Racial Discrimination under Title VII; and (3) Violation of the Family and Medical Leave Act. On December 19, 2019, Defendant moved to dismiss the Second Claim for Relief, race discrimination, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 10. At the Scheduling Conference on January 13, 2020, I converted the motion to dismiss to a motion for summary judgment. ECF 17. The parties then completed the briefing on the converted motion for summary judgment.

Defendant argues summary judgment is warranted on Plaintiff's race claim because she failed to exhaust her administrative remedies for that claim. Specifically, Defendant alleges that Plaintiff did not include a race claim in her EEOC Charge of Discrimination. Plaintiff asserts that her race claim was sufficiently exhausted.

## II. Findings of Fact

The Court notes the following undisputed material facts, viewed in the light most favorable to Plaintiff, who is the non-moving party in this matter.

1. Plaintiff began working for Defendant on June 2, 2014 as a break relief operator. ECF 1, Complaint ¶ 11.

2. In late July 2017, Plaintiff learned she was pregnant and was due to deliver in April 2018. *Id.* ¶ 14.

3. In late November 2017, Plaintiff began experiencing complications with her pregnancy. *Id.* ¶¶ 15-18.

4. On December 18, 2017, Plaintiff went out on medical leave. *Id.* ¶ 29.

5. Plaintiff returned to work on July 2, 2018. Affidavit of Susanne Jennings ("Jennings Aff."), ECF 10-2 at ¶ 3.

6. On July 30, 2018, Plaintiff filed her Charge of Discrimination (Charge No. 541-2018-02834) with the EEOC alleging she was subjected to sex/pregnancy discrimination, disability discrimination, and retaliation by Defendant ("7/30/18 Charge"). ECF 10-1.

7. Defendant received Notice of Plaintiff's 7/30/18 Charge on or about August 8, 2018. Jennings Aff., ECF 10-2 at ¶ 4.

8. Plaintiff's 7/30/18 Charge did not include a claim for race discrimination, nor did it contain

any narrative that mentioned race. On that same date, July 30, 2018, Plaintiff submitted her "Affidavit of Concepcion Rios," ECF 19-5, which contained 28 numbered paragraphs. The second sentence of paragraph 14 states, "He [Manly Frisbee] treats white pregnant women better than pregnant women of color."

9. On June 11, 2019, Plaintiff filed an Amended Charge with the EEOC alleging, among other things, race and color discrimination. ECF 19-2, at 2. This was far beyond the statutory 300-day limit for filing a discrimination claim.

10. Although Plaintiff and Defendant engaged in informal mediation through the EEOC, the parties were unable to resolve the dispute and, thus, on June 18, 2019, Leprino Foods filed its Position Statement responding to the allegations asserted in Plaintiff's 7/30/18 Charge. Jennings Aff., ECF 10-2 at ¶ 5. The Position Statement did not address a race allegation. *Id.*

11. On August 14, 2019, Plaintiff received a Notice of Right to Sue from the EEOC. ECF 1, Complaint ¶ 6.

12. On November 8, 2019, Plaintiff filed her Complaint in this matter. ECF 1.

## **LEGAL STANDARDS**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (alteration in original); *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record

and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

The law requiring exhaustion of remedies is well settled. "A plaintiff must exhaust h[er] administrative remedies before bringing suit under Title VII . . . ." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1049 (10th Cir. 1997). "The purpose behind the requirement of exhausting a claim with the EEOC is two-fold: 'protect[ing] employers by giving them notice of the discrimination claims being brought against them, [and] providing the EEOC with an opportunity to conciliate the claim.'" *Johnson v. Sears, Roebuck & Co.*, No. 14-cv-01119-MEH, 2014 WL 5293559, at *4 (D. Colo. Oct. 16, 2014) (alterations in original) (quoting *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004)). However, a Title VII plaintiff is not required to express her claims with exacting precision in an EEOC charge to satisfactorily exhaust her administrative remedies. The Tenth Circuit instructs that EEOC charges are to be liberally construed "in determining whether administrative remedies have been exhausted as to a particular claim." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). A plaintiff's claim is then limited to "the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.*

Defendant argues Plaintiff failed to exhaust her discrimination claim because she did not check the "race" box in the 7/30/18 charge. "A [plaintiff's] failure to check a particular box creates a presumption that a claimant is not making a claim on that ground." *Asebedo v. Kan. State Univ.*, 559 F. App'x 668, 672 (10th Cir. 2014); *Garcia v. Univ. of Kan. Hosp.*, No. 12-2792-KHV, 2013 WL 4482696, at *5 (D. Kan. Aug. 21, 2013) ("A plaintiff's failure to check the appropriate box on

5

the administrative charge form for the type of discrimination alleged creates a presumption that he or she is not asserting claims represented by boxes not checked."). However, "the presumption can be rebutted by the claimant's narrative statement." *Asebedo*, 559 F. App'x at 672. "The presumption may be rebutted . . . if the text of the charge clearly sets forth the basis of the claim." *Jones*, 502 F.3d at 1186. Indeed, the *Jones* decision went so far as to hold that the EEOC "charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Id.*

Plaintiff did not check the "race" box in her 7/30/18 Charge, which was the only complaint she filed within 300 days of the alleged discriminatory acts.[1] Therefore, there is a presumption that she was not asserting a race claim. She did not include language in the narrative portion of the charge addressing race. In an affidavit submitted simultaneously with the 7/30/18 Charge, Plaintiff included a sentence stating that one of Defendant's supervisors "treats white pregnant women better than pregnant women of color." This was the only mention of race in anything Plaintiff filed with the EEOC prior to the Amended Charge in June 2019. Plaintiff's race claim depends upon a finding that the single sentence in the affidavit is sufficient to rebut a presumption that she did not intend to bring a discrimination claim.

As is common with motions for summary judgment in employment cases, it is necessary to canvass precedent (particularly within the Tenth Circuit) to determine whether Plaintiff's fact-

---

[1] Although Plaintiff filed an amended charge beyond the 300-day limit that did include a claim of race discrimination, I note that this is of no avail. The Tenth Circuit has long held that an "amendment will not relate back when it advances a new theory of recovery, regardless of the facts included in the original complaint." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1327 (10th Cir. 1999), *abrogated in part on other grounds as recognized in Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014)); *see also Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 n.3 (10th Cir. 1998).

specific efforts are sufficient to overcome the presumption that she did not bring a race claim. I will begin with the most factually analogous cases finding the presumption was overcome. In *Jones*, *supra*, regarding whether a disability claim had been alleged, the plaintiff checked the box for disability discrimination in the Intake Questionnaire and, in the narrative portion of the form, gave dates and actions alleging interference with a medical evaluation. In *Asebedo*, *supra*, the narrative of the charge mentioned that a supervisor made racially focused remarks; the employer investigated those; the investigation found that a supervisor had created a hostile environment; and the narrative stated that the employer had violated Title VII "because it has engaged in discrimination." In *Gunnell*, *supra*, although the plaintiff did not check the box for sexual harassment, she stated in her narrative: "I accused two of my supervisors of sexual harassment. The Respondent conducted an internal investigation into my charges, and the harassment was found to have occurred." *Id.* at 1258. The court stated: "A reasonable reader would understand that her mention of sex discrimination was merely a prelude, an explanation leading up to the gist of her complaint of retaliation." *Id.* at 1260. Had this been the only filing of plaintiff, the case would have been dismissed. However, the day that another alleged act of harassment occurred, plaintiff submitted a supplement to her charge plainly alleging a pattern and practice of sexual harassment. Although the court still termed the allegation as "sparse," it acknowledged that the supplement "identifies the type of discrimination complained of, the alleged harasser, and an approximate time period." *Id.* In *Agnew v. Achievement Servs. of Ne. Kansas, Inc.*, No. 13-CV-2024-EFM, 2013 WL 3895316, at *2 (D. Kan. July 29, 2013), although the retaliation box was not checked, the court noted that in the narrative portion of the charge, plaintiff alleged (1) she requested a reasonable accommodation for her disability, (2) she was terminated within a month, and (3) she was terminated based on her disability soon after her request for accommodation. In *Frazier v. Board of County Commissioners of the County of Arapahoe*, No.

08-cv-02730-WYD-BNB, 2010 WL 924165, at *2 (D. Colo. Mar. 10, 2010), the court found that a plaintiff who did not check the retaliation box in an EEOC charge successfully rebutted the presumption against administrative exhaustion by stating *in the narrative* he "was retaliated against and isolated by my co-workers and supervisors." The plaintiff in *Frazier* had also checked the retaliation box in the EEOC Intake Questionnaire and, in that document, gave specific details of retaliation. The *Frazier* court found these circumstances sufficient to "trigger an inquiry into whether [the plaintiff] was retaliated against." *Id.* In *Nagle v. Mink*, No. 10-cv-01935-PAB-MEH, 2012 WL 3150520, at *9 (D. Colo. Aug. 2, 2012), although the box for retaliation was not checked, in the text of the charge plaintiff alleged he requested an accommodation, was denied, and his employer then denied him an attorney and denied a fair process that was mandated by the employer's policies. The court found that any following investigation would reasonably determine whether the failure to provide an attorney was retaliatory. *Id.*

Factually analogous cases in which the courts found that the presumption had not been overcome are plentiful. I do not include here the tens of cases in which the plaintiff made absolutely no reference to the unchecked ground, but only cases, like the present one, where at least some reference (however vague) could be found in the initial charge papers. In *Farley v. Leavitt*, No. CIV 05-1219 JB/LFC, 2007 WL 6364329 *20 (D.N.M. Dec. 31, 2007), the plaintiff did not check the box for retaliation but did allege that she had filed an EEO complaint on several occasions and then her supervisor confronted her over the most recent filings. *Id.* at *20 ("The Court does not believe the mere fact that a retaliation claim could exist results in a reasonable investigation of such a claim by the EEO, when the complainant indicates, on multiple occasions, that her claims are solely based on other grounds . . . ."). In *Velazquez v. Helmerich & Payne Int'l Drilling Co.*, No. 15-CV-017-CVE-TLW, 2015 WL 871339, at *4 (N.D. Okla. Feb. 27, 2015), the plaintiff did not

8

check the box for retaliation although noted in the narrative and the intake questionnaire that he complained of discrimination. In my own opinion in *Apo-Owusu v. Univ. of Colorado Hosp. Auth.*, No. 16-CV-02031-MEH, 2017 WL 4251926, at *5 (D. Colo. Sept. 26, 2017), the plaintiff did not check the box for retaliation but included language in the narrative that she complained about racial harassment but nothing was done to address the issue. In *Richardson v. TVC Marketing Associates, Inc.*, No. CIV-08-0597-F, 2008 WL 3992796, at *2 (W.D. Okla. Aug. 20, 2008), the plaintiff sought to bring a retaliation claim after failing to check the "retaliation" box in the EEOC charge. The plaintiff argued that he rebutted the presumption that he did not exhaust a retaliation claim by including the following in the narrative statement: "Once I became aware of my demotion, I complained to [several of the employee's superiors]." *Id.* at *2. The court decided that even construing the charge liberally, "nothing in the charge indicates a retaliation claim." *Id.*

I believe the Tenth Circuit most succinctly addressed the current case in *Gunnell*, 152 F.3d at 1260 (concluding that plaintiff failed to rebut the presumption that she was not asserting a sex discrimination claim, caused by her failure to mark appropriate box, because a "reasonable reader would understand that her mention of sex discrimination" was merely an "explanation leading up to the gist of her complaint of retaliation"). The single sentence in Plaintiff's simultaneous affidavit is legally insufficient to exhaust her administrative appeals. Because Plaintiff brought a pregnancy claim, the single allegation about differing treatment reasonably would have been understood as providing an explanation or background information in support of pregnancy discrimination. Merely mentioning, in a separate document submitted with her EEOC charge, her perception that a supervisor treated white pregnant women better than pregnant women of color does not reasonably raise a discrimination claim. Plaintiff did not provide accompanying details of any alleged race discrimination that would put the EEOC on notice, such as any specific incidents or dates, nor is

9

there any indication in the record that the EEOC investigated a race claim based on the 7/30/18 Charge.  Therefore, the Court finds that she has not exhausted her administrative remedies and grants Defendant's motion for summary judgment on the claim.

## CONCLUSION

Because Plaintiff has not exhausted her race discrimination claim, summary judgment is proper.  Accordingly, Defendant's Motion to Dismiss, converted by the Court to a motion for summary judgment (ECF 10) is **granted** and Plaintiff's Second Claim for Relief is dismissed.

Entered and dated at Denver, Colorado, this 23rd day of March, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge